IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VERNON COOKS, JR., 34976-177,** | § | |
| | § | |
| Peitioner, | § | |
| v. | § | Civil Action No. **3:11-CV-607-L (BF)** |
| | § | Criminal No. **3:06-CR-085-L** |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On February 14, 2013, the court accepted the magistrate judge's findings and conclusions, denied Vernon Cooks's ("Cooks") Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, and dismissed with prejudice this action. On March 26, 2013, Cooks filed a "Motion to Settle Newly Discovered Evidence or Show Cause and Provide Redress Also, to Reconsider 14 Day Objection." Cooks states that he did not receive the magistrate judge's January 15, 2013 findings and conclusions until March 5, 2013, and he therefore seeks to reopen the time to file objections. Cooks also requests that all future mail be sent to him via certified mail.[*] After considering the motion, the court **grants in part and denies in part** Cooks's Motion to Settle Newly Discovered Evidence or Show Cause and Provide Redress Also, to Reconsider 14 Day Objection."

"The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba*." *Ford v. Elsbury*, 32 F.3d 931, 937 n.7 (5th Cir. 1994). The Fifth Circuit has consistently stated, however, "that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment

---

[*] Cooks also seeks relief with regard to Civil Action No. 3:13-CV-856, which will be addressed by separate order in that case.

**Memorandum Opinion and Order – Page 1**

under Rule 60(b).' " *Id*. (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 173 (5th Cir. 1990)). Rule 59(e) applies to motions filed within 28 days of the ruling sought to be modified, whereas Rule 60(b) applies to later-filed motions. *Texas A & M Research Found. v. Magna Transp., Inc*., 338 F.3d 394, 400 (5th Cir. 2003). Cooks's motion was filed more than 28 days after the court's order and judgment were entered. The Court therefore analyzes his motion under Rule 60(b), which states that the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). A ruling pursuant to Rule 60(b) is left to the "sound discretion of the district court." *Steverson v. GlobalSantaFe Corp*., 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc*., 805 F.2d 599, 604 (5th Cir. 1986)).

Cooks's assertion that he did not receive the magistrate judge's findings and recommendation appears to fall under Rule 60(b)(6). Cooks does not present any evidence to establish that he did not receive the magistrate judge's findings and conclusions until almost two months after they were entered; however, because he is proceeding *pro se*, the court, in exercising its discretion, will vacate its February 14, 2013 order and judgment and extend his deadline to file objections.

Accordingly, the court **vacates** the order and judgment entered on February 14, 2013, and **directs** the clerk to **reopen** this case. The court **grants** Cooks's request for additional time to file objections to the magistrate judge's findings and conclusions, and **extends** his deadline to file

**Memorandum Opinion and Order – Page 2**

objections to **April 26, 2013.**  No further extensions will be permitted.  Cooks's request to receive all mail by certified mail is **denied,** as he has not provided any authority to support his request for relief in this regard, and delivery by certified mail is not required.

    **It is so ordered** this 2nd day of April, 2013.

                                                  _____
                                                  Sam A. Lindsay
                                                  United States District Judge