IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VERNON COOK, JR., 34976-177,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:11-CV-607-L (BF)** |
| | § | Criminal No. **3:06-CR-085-L** |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is the Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed by Vernon Cook, Jr. ("Cook" or "Petitioner") on March 24, 2011. The case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on January 15, 2013, recommending that the petition be denied. Pursuant to an order entered by the court on April 2, 2013, Cook was granted an extension to file his objections by April 26, 2013. Cook filed objections to the Report on April 24, 2013, which the court now considers.

In support of his ineffective assistance of counsel claim, Cook contends that his attorney "failed to adequately advise him of the relevant law, which prevented him from making an informed decision to either plead guilty or proceed to trial. Specifically, he states he could have received a three-level reduction in sentence for acceptance of responsibility if he had pled guilty." Report 4-5. The magistrate judge determined that Cook's ineffective assistance of counsel claim based on the decision to proceed to trial should be denied because he failed to submit evidence to show that his attorney did not adequately advise him regarding the law and "failed to show that his decision to

proceed to trial was a result of ineffective assistance of counsel, rather than his own strategic decision." *Id.*

In his objections, Cook similarly contends that his attorney, who is also his brother, never discussed with him the possible option of pursuing a plea bargain rather than proceeding to trial and that such option would have resulted in a lesser sentence because he would have received a reduction in his sentence for acceptance of responsibility. Cook therefore contends that there "is a reasonable probability that the results of the proceeding would have been different" and his attorney's failure to discuss a plea with him resulted in an unfair sentence. Obj. 2. Cook acknowledges that the magistrate judge concluded "that Petitioner's claim is conclusory. And, [un]supported by evidence." *Id*. at 1. He nevertheless contends that his "Counsel cannot produce or rebut Petitioner[']s claim with any material evidence. *Id.*

Cook apparently misunderstands his burden. As the movant and Petitioner, Cook has the burden of satisfying the requirements for his ineffective assistance of counsel claim, whereas his attorney has no burden or duty to come forward with evidence to rebut his claim. Accordingly, for the reasons explained by the magistrate judge, the court determines that Cook's ineffective assistance of counsel claim fails, and his objections to the Report do not correct the deficiencies noted by the magistrate judge. The court therefore **overrules** Cook's objections.

Having independently reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, Cook's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **denied**, and this action is **dismissed with prejudice**.

Order – Page 2

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 29th day of April, 2013.

Sam A. Lindsay
United States District Judge

---

*Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.